02D03-2310-CT-000662  
Filed: 10/3/2023 2:58 PM  
Clerk  
Allen County, Indiana  
Allen Superior Court 8  
DW

USDC IN/ND case 1:23-cv-00446-HAB-SLC   document 3   filed 10/03/23   page 1 of 8

| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO. _____ |

| TYRA JACKSON | ) |
| --- | --- |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WAL-MART STORES EAST, LP | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT FOR DAMAGES

Comes now Plaintiff Tyra Jackson, (hereinafter "Plaintiff Jackson") by counsel, Roger B. Finderson of Finderson Law LLC, and for her complaint against Defendant Wal-Mart Stores East, LP (hereafter "Defendant Wal-Mart"), alleges and states as follows:

1. Plaintiff Jackson was a resident of the City of Fort Wayne, County of Allen, State of Indiana, at all times pertinent to the cause herein.

2. Defendant Wal-Mart was an entity doing business in the State of Indiana with a registered office address in the City of Indianapolis, County of Marion, State of Indiana, at all times pertinent to the cause herein.

3. The incident upon which this claim is based occurred on the 9th day of October, 2021 at the Wal-Mart Supercenter #4231 located at 7502 Southtown Crossing Boulevard, in the City of Fort Wayne, County of Allen, and State of Indiana (hereinafter "Premises").

4. Plaintiff Jackson was on the Premises of Defendant Wal-Mart on October 9, 2021.

5. Plaintiff Jackson walked into Defendant Wal-Mart's entrance, where she obtained a shopping cart.

6. Plaintiff Jackson turned to place her purse in the shopping cart when she was

EXHIBIT A

struck from behind by a row of shopping carts being pushed by an employee of Defendant Wal-Mart (hereinafter "Employee").

7. The Employee struck Tyra in the back and hip.

8. Other customers on the scene yelled at the Employee to try and get him to stop pushing the carts into Ms. Jackson and prevent further injury, but Employee could not hear anyone as he was wearing headphones. He continued to push the carts into Ms. Jackson.

9. Defendant Wal-Mart had a duty to reasonably and properly ensure a safe environment for business invitee employees of other entities.

10. Defendant Wal-Mart had a duty to utilize its equipment in a safe and reasonable manner, including avoiding handling equipment too close to Plaintiff Jackson to avoid injuring her and to handle such equipment properly and safely.

11. Defendant Wal-Mart had a duty to properly supervise its employees so as to ensure a safe environment for business invitees.

12. Defendant Wal-Mart had a duty to properly train its employees so as to ensure a safe environment for business invitees.

13. Defendant Wal-Mart had a duty to warn business invitees of the dangers and risks of serious bodily injury around its Premises.

14. Defendant Wal-Mart failed to properly and reasonably handle shopping carts, resulting in unreasonable handling procedures risking foreseeable harm to Plaintiff Jackson.

15. Defendant Wal-Mart failed to properly train its employees.

16. Defendant Wal-Mart failed to supervise its employees.

17. Defendant Wal-Mart failed to provide a safe workplace for business invitees of

EXHIBIT A

like Plaintiff Jackson.

18. Defendant Wal-Mart failed to have policies, procedures, and protocols that protect pedestrian workers, such as business invitees like Plaintiff Jackson.

## COUNT I: COMMON LAW NEGLIGENCE

Comes now Plaintiff Jackson, by counsel, and for her first cause of action against Defendant Wal-Mart, states as follows:

19. Plaintiff Jackson herein incorporates rhetorical paragraphs 1 through 18 as if specifically set forth herein.

20. Plaintiff Jackson's conduct did not contribute to the cause of her injuries.

21. Defendant Wal-Mart is vicariously liable for the unreasonable injury causing conduct of its employees.

22. As a direct and proximate cause of Defendant Wal-Mart's negligence and/or reckless conduct, Plaintiff Jackson suffered personal injuries and incurred medical expenses and wage loss.

23. As a further direct and proximate cause of Defendant Wal-Mart's negligence and/or recklessness, Plaintiff Jackson has suffered physical pain and mental anguish, and will continue to suffer physical pain and mental anguish in the future.

WHEREFORE, Plaintiff Jackson, by counsel, prays and requests that the Court award a judgment to her against Defendant Wal-Mart sufficient to compensate her for the following damages she has suffered including:

    a. Reasonable value of the medical services rendered;

    b. Reasonable value of future medical services;

EXHIBIT A

  c. Physical pain suffered;

  d. Physical pain suffered in the future;

  e. Mental suffering;

  f. Mental future suffering;

  g. Loss to enjoyment of life;

  h. Prejudgment interest pursuant to I.C. § 34-51-4-1 *et seq.*; and

  i. All other relief as is just and proper in the premises.

## COUNT II: NEGLIGENCE *PER SE*

Comes now Plaintiff Jackson, by counsel, and for her second cause of action against Defendant Wal-Mart, states as follows:

24. Plaintiff Jackson realleges Paragraphs 1 through 22 of her Complaint for Damages and incorporates them fully herein.

25. Plaintiff Jackson's conduct did not contribute to the cause of her injuries.

26. At all relevant times, Defendant Wal-Mart had a duty to act with reasonable care and comply with all applicable rules, regulations, and safety standards applicable to handling shopping carts.

27. Defendant Wal-Mart breached its duty and was negligent *per se* by handling shopping carts in such a manner as to create a risk of hitting business invitees such as Plaintiff Jackson. Defendant's employee acted with such disregard, that his actions are a battery, a violation of Indiana's criminal laws.

28. Defendant Wal-Mart breached its duty and was negligent *per se* by failing to provide reasonable instructions, training and supervision as to how shopping carts should be

EXHIBIT A

handled and transported. Such training would include instructions to not use headphones preventing the employees from hearing what is happening in the work environment.

29. Defendant Wal-Mart's failure to properly handle shopping carts in a safe manner, given its knowledge and experience in utilizing and transporting shopping carts and the totality of the circumstances constituted reckless, wanton, and willful misconduct, which displayed a conscious disregard for the rights and safety of others, which had a great probability of causing substantial harm.

30. Defendant Wal-Mart is vicariously liable for the unreasonable injury causing conduct of its employees/agents.

31. As a direct and proximate cause of Defendant Wal-Mart's negligence and/or recklessness, Plaintiff Jackson has suffered serious physical pain and mental anguish and will continue to suffer physical pain and mental anguish in the future.

32. As a further direct and proximate result of Defendant Wal-Mart's negligent and/or reckless conduct, Plaintiff Jackson suffered loss of wages, and will continue to lose wages in the future.

WHEREFORE, Plaintiff Jackson, by counsel, prays and requests that the Court award a judgment to her against Defendant Wal-Mart sufficient to compensate her for the following damages she has suffered including:

    a. Reasonable value of the medical services rendered;

    b. Reasonable value of future medical services;

    c. Physical pain suffered;

    d. Physical pain suffered in the future;

EXHIBIT A

  e. Mental suffering;

  f. Mental future suffering;

  g. Loss to enjoyment of life;

  h. Prejudgment interest pursuant to I.C. § 34-51-4-1 *et seq.*; and

  i. All other relief as is just and proper in the premises.

## COUNT III: *RES IPSA LOQUITUR* NEGLIGENCE

Comes now Plaintiff Jackson, by counsel, and for her third cause of action against Defendant Wal-Mart, states as follows:

33. Plaintiff Jackson realleges Paragraphs 1 through 31 of her Complaint for Damages and incorporates them fully herein.

34. Plaintiff Jackson's conduct did not contribute to the cause of her injuries.

35. "The circumstantial evidence rule known as the doctrine of res ipsa loquitur recognizes that a defendant's negligence may be inferred where the physical cause of injury and attendant circumstances are such that in the light of ordinary experience the Plaintiff's injury would probably not have happened if those who had management or control of the causative instrument of injury had exercised proper care…The rule applies where the agency or thing which causes the injury is in the exclusive control of the defendant or his agents, and the occurrence which produces the injury is one which in its nature does not ordinarily happen if those in charge exercise due care." *Sharp v. LaBrec, Inc.*, 642 N.E.2d 990, (Ind. Ct. App. 1994) (permitting *res ipsa loquitur* jury instruction where evidence allowed the inference that the operator was in exclusive control of the crane, could not see the injured party behind the wall where the boiler was being lifted, and the boiler was swung into the injured party) (internal

EXHIBIT A

citations omitted).

36. Defendant Wal-Mart was in exclusive management and control of the inuring instrumentality, namely the shopping cart, at the time of Plaintiff Jackson's injury.

37. In light of ordinary experience, Plaintiff Jackson would not have been injured by shopping carts absent Defendant Wal-Mart's failure to exercise proper and reasonable care in the operation of its shopping carts.

38. As a direct and proximate cause of Defendant Wal-Mart's negligent and/or reckless conduct, Plaintiff Jackson suffered personal injuries and incurred medical expenses.

39. As a further direct and proximate cause of Defendant Wal-Mart's negligence and/or recklessness, Plaintiff Jackson has suffered physical pain and mental anguish and will continue to suffer physical pain and mental anguish in the future.

40. As a further direct and proximate cause of Defendant Wal-Mart's negligent and/or reckless conduct, Plaintiff Jackson has suffered loss of wages and will continue to suffer loss of wages in the future.

WHEREFOE, Plaintiff Jackson, by counsel, prays and requests that the Court award a judgment to her against Defendant Wal-Mart sufficient to compensate her for the following damages she has suffered including:

    a. Reasonable value of the medical services rendered;

    b. Reasonable value of future medical services;

    c. Physical pain suffered;

    d. Physical pain suffered in the future;

    e. Mental suffering;

EXHIBIT A

  f.  Mental future suffering;

  g.  Loss to enjoyment of life;

  h.  Prejudgment interest pursuant to I.C. § 34-51-4-1 *et seq.*; and

  i.  All other relief as is just and proper in the premises.

    Respectfully submitted,

    FINDERSON LAW LLC

    */s/ Roger B. Finderson*
    Roger B. Finderson, Esq., #17319-53
    744 E Till Road Suite 102
    Fort Wayne, IN 46825
    (260) 420-8600
    Fax: (260) 420-9400
    roger.finderson@findersonlaw.com
    ATTORNEYS FOR PLAINTIFF

EXHIBIT A